894

■ In the Matter of J & R SALVAGE AND STORAGE Co., INC., Petitioner, v J. ROGER BARBER, as Commissioner of the Department of Agriculture and Markets, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Albany County) to review a portion of a determination made by the Commissioner of the Department of Agriculture and Markets. On March 25, 1976, petitioner's premises in Brooklyn, New York, were inspected by food inspectors of the New York State Department of Agriculture and Markets. As a result, 36 single layer burlap bags, each containing approximately 150 pounds of green coffee beans, were confiscated because of suspected contamination. Twelve samples taken from the bags revealed that about 12 bags were stained with rat urine and that all bags were heavily covered with mouse and rat excreta pellets. After a hearing, the hearing officer recommended that petitioner be allowed to strain off the contaminated beans and salvage the balance. The commissioner rejected this recommendation and ordered that all the coffee beans be destroyed. This transferred proceeding ensued. Subdivision 3 of section 200 of the Agriculture and Markets Law defines as adulterated food which "consists in whole or in part of a diseased, contaminated, filthy, putrid or decomposed substance, or if it is otherwise unfit for food". Section 202-b of the same law authorizes the commissioner to destroy a food or food product which is unfit or unsafe for use as food. The burden is on petitioner to show cause why such food should not be destroyed. Here, the petitioner's proposed salvage plan to skim off the contaminated beans beneath the urine stains, remove 8 to 10 pounds of allegedly uncontaminated beans beneath those first removed and to submit the remaining beans to a "black light" test is wholly inadequate to sustain that burden. The commissioner's findings that the "black light" method of testing will not detect filth, rodent hairs or other disease-producing material, and, further, that it would be injurious to public health to permit salvage and marketing of the contaminated coffee beans is supported by substantial evidence in the record (Matter of Pell v Board of Educ., 34 NY2d 222). Petitioner's other objections are without merit and do not require discussion. Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Greenblott, Sweeney, Staley, Jr., and Larkin, JJ., concur.